IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


DAVID STEBBINS                                                        PLAINTIFF

          v.                          Civil No. 11-3058

JAMES HANNAH; DONALD
CORBIN; COURTNEY HENRY;
JIM GUNTER; PAUL DANIELSON;
KARAN BAKER; and ROBERT
BROWN, in their official capacities as
justices of the Supreme Court of Arkansas              DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

          David Stebbins filed this *pro se* civil rights action against the Judges of the Arkansas

Supreme Court.  Stebbins has also submitted an application to proceed *in forma pauperis*

(IFP)(Doc. 2).

          Under the provisions of the IFP statute, the Court is obligated to screen any complaint in

which the Plaintiff seeks to proceed IFP.  28 U.S.C. § 1915(e)(2).  The Court is to dismiss the case

if it determines that the case is:  frivolous or malicious; fails to state a claim on which relief may

be granted; or seeks monetary relief against a Defendant who is immune from such relief.  *Id.*

**Background**

          According to the allegations of the complaint, Stebbins filed an action in the Circuit Court

of Boone County, Arkansas, pursuant to the Federal Arbitration Act, to confirm an arbitration

award against Harp & Associates Real Estate Services, LLC.  Stebbins submitted an application to

proceed IFP to the Circuit Court of Boone County.  His IFP application was denied on the grounds

that his complaint contained no colorable cause of action.

-1-

Stebbins seeks a declaratory judgment "that there is an inherent right to judicial process imbedded in [his] First Amendment right to petition the government for a redress of grievances . . . as well as [his] right to due process of law."  Stebbins maintains review of a petition to determine if it states a colorable claim amounts to discrimination based on content.  He also seeks an injunction ordering Defendants to change the binding precedent in the State of Arkansas.  He maintains he has no state-level appeal because it would be futile.

### Discussion

Stebbins' claims are subject to dismissal.  First, the Judges of the Arkansas Supreme Court are immune from suit.  *See Mireles v. Waco*, 502  U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522 (1984)).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"); as amended by the FCIA  § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  No declaratory decree has been violated and, despite Stebbins' protests to the contrary, review of the denial of IFP status is available.  *See e.g., Hooten v. Cottrell*, 2007 WL 417385 (Ark. 2007).

-2-

Second, the imposition of filing fees are not *per se* unconstitutional.  *See Boddie v. Connecticut*, 401 U.S. 371 (1971).  Instead, the Supreme Court has only held that when a fundamental right is at issue a fee cannot restrict an indigent person's access to the courts.  Here, Stebbins seeks to confirm an arbitration award.  Clearly, no fundamental right is at issue.

Third, review for frivolousness does not unfairly or unconstitutionally interfere with Stebbins' right of access to the courts.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)(court may dismiss complaint of a person proceeding IFP as frivolous and disregard clearly baseless, fanciful, fantastic, or delusional allegations).  In Arkansas, Rule 72 of the Rules of Civil Procedure conditions the right to proceed IFP on the existence of a colorable cause of action.  *Boles v. Huckabee*, 340 Ark. 410 (2000).  A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of the law.  *Id.* at 412.  The state has an "interest in not allowing legally frivolous or malicious litigation to proceed in its courts."  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)(citations omitted).  The "interest is constitutionally paramount to any interest of a plaintiff in pursuing legally frivolous or malicious litigation.  An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts."  *Id.*

### Conclusion

For the reasons stated, I recommend that the motion to proceed IFP (Doc. 2) be denied and the case dismissed.

**Stebbins has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is**

-3-

AO72A
(Rev. 8/82)

reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 7th day of October 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-4-